**HOCKERSON–HALBERSTADT, INC.**

v.

**NIKE, INC., et al.**

No. Civ.A. 91–1720.

United States District Court,
E.D. Louisiana.

March 17, 1998.

Robert L. Hackett, Stephen Lewis Dunne, Hacket & Associates, Michael Douglas Carbo, Didriksen & Carbo, James E. Uschold, James E. Uschold, PLC, New Orleans, LA, Donald Lee Nauman, Santa Rosa, CA, for Plaintiff.

Gerald Edward Meunier, Gainsburgh, Benjamin, David, Meunier, Noriea & Warshauer, Energy Centre, New Orleans, LA, Rodger L. Tate, Banner, Birch, et al., Washington, DC, Ruth Lynette Wylie, Seed & Berry, Seattle, WA, James Forrest Hinton, Jr., New Orleans, LA, Lawrence B. Mandala, McGlinchey Stafford P.L.L.C., Dallas, TX, Stephen R. Doody, Sessions & Fishman, New Orleans, for Defendants.

### ORDER AND REASON

FALLON, District Judge.

Plaintiff, Hockerson–Halberstadt Inc. ("HHI"), brings this suit alleging that the defendant, Converse, Inc. ("Converse"), infringed reexamined Hockerson U.S. Patent B1 4,322,895 (the "reexamined '895 patent"). Defendant denies infringement and moves for summary judgment contending that the reexamined patent is invalid as a matter of

law under 35 U.S.C. § 305 because its claims were enlarged during reexamination. For the following reasons, defendant's motion for summary judgment is HEREBY GRANTED, and plaintiff's action is HEREBY DISMISSED.

## A. BACKGROUND:

HHI owns U.S. Patent No. B1 4,322,895, issued August 8, 1995. The reexamined '895 patent is directed to a shoe comprised of a sole having a midsole, an upper mounted on the sole, and a support band carried on the upper rim of the midsole and secured about the sidewalls of a heel cup of the upper. The claim at issue relates to the limits of the support band.

On December 10, 1979, Stan Hockerson applied for a patent for the invention described above. A patent was issued on April 6, 1982 as U.S. Patent No. 4,322, 895 (the "original '895 patent"). The patent included one independent claim (claim 1) and two dependent claims (claims 2 and 3). The portion of claim 1 of the original patent at issue required that "the support band inclines upwardly from the lower rim of the heel portion to the heel cup midspan."

HHI originally brought this action in May 1991 alleging patent infringement against Nike, Inc., Reebok International, Ltd., Hyde Athletic Industries, Inc., L.A. Gear Inc., Brooks Shoe Inc., and Kinney Shoe Corporation. The case was stayed pending re-examination by the Patent Office.[1]

In 1992, one of the defendants, Reebok International Ltd., requested that the U.S. Patent and Trademark Office reexamine the original '895 patent. During reexamination, amendments were made to claim I of the original patent. The portion of amended claim 1 at issue required that "the midsole and support band having walls means which inclines upwardly from the lower rim of the heel portion means to the heel cup midspan."

Converse argues that it is entitled to summary judgment on grounds that plaintiff's reexamined patent '895 is invalid as a matter of law. Specifically, Converse argues that

the patent's claims were enlarged during reexamination, thereby violating 35 U.S.C. § 305 and rendering the patent invalid.

## B. STANDARD FOR SUMMARY JUDGMENT:

Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56.

Summary judgment is appropriate in a patent case where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. See *Conroy v. Reebok Int'l Ltd.*, 14 F.3d 1570, 1575 (Fed.Cir.1994); *Paragon Podiatry Laboratory, Inc. v. KLM Laboratories, Inc.*, 984 F.2d 1182, 1190 (Fed.Cir.1993); *Becton Dickinson and Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 795 (Fed.Cir.1990); *Johnston v. IVAC Corp.*, 885 F.2d 1574, 1576–77 (Fed.Cir.1989). The meaning of language used in a patent claim is strictly a matter of law and does not involve factual issues. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 116 S.Ct. 1384, 1387, 134 L.Ed.2d 577 (1996). Accordingly, an issue is amenable to summary judgment when the parties disagree over the meaning of a claim but do not dispute any relevant facts pertaining to the issue. *Athletic Alternatives, Inc. v. Prince Manufacturing, Inc.*, 73 F.3d 1573, 1578 (Fed.Cir.1996); *Wolverine World Wide, Inc. v. Nike, Inc.*, 38 F.3d 1192, 1197 (Fed.Cir. 1994).

In the present case, both parties agree that there are no underlying factual disputes and, as a question of claim construction, the issue presented by Converse's motion is purely a question of law. Thus, the matter is appropriate for determination on motion for summary judgment.

## C. ANALYSIS:

The sole issue before the court is whether the amended claims of reexamined '895 pat-

1. Plaintiff's claims against each of these original defendants (Civil Action No. 91–1720) ultimately were resolved, and the case was closed in December 1995.

ent were impermissibly broadened during reexamination. Specifically, the issue is whether reexamined patent '895 eliminated the requirement that the support band originate at the lower rim of the heel portion.

 The applicable statutory provision is 35 U.S.C. § 305, which provides in pertinent part that "(n)o proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding under this chapter." 35 U.S.C. § 305. From this, courts have extracted the corollary that patent claims enlarged during reexamination are invalid. *Quantum Corp. v. Rodime*, PLC, 65 F.3d 1577, 1584 (Fed.Cir.1995). An amended claim enlarges the scope of the patent if it includes any subject matter that would not have infringed the original patent. *Id.* at 1580; *In re Freeman*, 30 F.3d 1459 (Fed.Cir. 1994).

 Whether an amendment enlarges the scope of a claim is a matter of claim construction. *Minco, Inc. v. Combustion Eng'g Inc.*, 95 F.3d 1109, 1115 (Fed.Cir.1996). Claim interpretation defines the scope of the claim. *York Prods., Inc. v. Central Tractor Farm & Family Ctr.*, 99 F.3d 1568, 1572 (Fed.Cir.1996). In determining the meaning of disputed claim terms, a court may consider the written description, the prosecution history, and extrinsic evidence. *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576 (Fed.Cir. 1996). These additional sources "may provide a context and clarification about the meaning of claim terms." *York Prods.*, 99 F.3d at 1572. Throughout the interpretation process, however, "the focus remains on the meaning of the claim language." *Thermalloy, Inc. v. Aavid Engineering, Inc.*, 121 F.3d 691, 693 (Fed.Cir.1997); *Bell Communications Research, Inc. v. Vitalink Communications Corp.*, 55 F.3d 615, 619 (Fed.Cir. 1995) (holding that "first, and most importantly, the language of the claim defines the scope of the protected invention"). Therefore, the language of the claim frames and ultimately resolves all issues of claim interpretation. *Id.* at 692.

Resolving the issue of whether the reexamined claims encompass any shoe construction not encompassed by the original claims requires comparing the original and the reexamined claim language. The original claim language requires that "the support band inclines upwardly from the lower rim of the heel portion to the heel cup midspan" while the reexamined claim language requires that "the midsole and support band having wall means which inclines upwardly from the lower rim of the heel portion means to the heel cup midspan."

 In the present case, the amendments made during reexamination enlarged the scope of the claims by removing the requirement that the support band extends upwards from the lower rim of the midsole. Because of the amendment, the support band no longer is required to extend from the lower rim. Instead, in the reexamined claims, the wall means, formed by both the support band and the midsole, is required to incline upwards. Thus, the reexamined claims are broader in that they could encompass a shoe design having a support band spaced above the lower rim whereas the original claims could not. The claim language supports this conclusion.

First, the ordinary meaning for the term "from" is "used as a function word to indicate a starting point." *Websters New Collegiate Dictionary* (1979); *Websters Third International Dictionary* (1966). Therefore, the original claims require that the starting point of the support band is the lower rim of the heel portion (See Figure B) while the reexamined claims require that the starting point of the walls of the support band and midsole is the lower rim of the heel portion. As a result, the reexamined claims eliminate the requirement that the support band originate from the lower rim of the heel portion.

Second, the ordinary meaning for the term "incline" is "an inclined plane ... having a leaning or slope." *Websters New Collegiate Dictionary* (1979). Therefore, the original claims specify that the support band forms an inclined plane which slopes upwardly from the rim of the midsole (See Figure B) while the reexamined claims require that the midsole and the support band together form one inclined plane sloping upwardly from the lower rim (See Figure B). As a result, the reexamined claims broaden the scope of the

claims because they allow for a sloping structure comprised of the support band and the midsole. In contrast, the original claim allows for a sloping structure comprised only of the support band.

In conclusion, because reexamined patent '895 eliminated the requirement that the support band originate at the lower rim of the heel portion, reexamined patent '895 is invalid as a matter of law.

### D. CONCLUSION:

For the foregoing reasons, IT IS ORDERED that the motion for summary judgment is HEREBY GRANTED. Plaintiff's claims against Converse are HEREBY DISMISSED.